ALLREAD, J.
The court of common pleas sustained a motion to quash service of summons upon the ground of improper venue.
This judgment finally disposed of the action below and is therefore subject to review. Gorey v. Black, 100 Ohio St. 73.
The action below was to recover damages for injuries and *818 wrongful death of the decedent occasioned by the alleged negligence of the defendant in driving an automobile. The decedent survived the accident nearly one month. The decedent was a resident of Franklin county and the accident occurred in Franklin county; upon her death an administrator was appointed in Franklin county.
The defendant was a resident of Jackson County, Ohio.
The action below was brought in Franklin county and the summons was issued and served upon the defendant in Jackson county.
Plaintiff below claims jurisdiction in Franklin county by virtue of Sec. 6308 G. C., which provides:
“An action for injury to a person or property, caused by the negligence of an owner of a motor vehicle, may be brought by the person injured, against the owner in the county wherein such injured person resides. ’ ’
Counsel for defendant in error contends that this statute should be strictly construed and applied only to an action brought in person by the party injured or killed.
Our Supreme Court in the case of Gorey v. Black, supra, construing this identical statute says: “The reasons for its enactment are manifest, and-being a remedial statute it should be liberally construed to accomplish its laudable purpose.” We feel, therefore, bound to give the statute a liberal interpretation to accomplish the manifest purpose of its enactment. To so construe this statute, as to apply only to actions by the party actually injured by the motor vehicle, would have the effect of limiting its application to the lesser injuries, leaving the more serious to fall entirely outside of the statute.
We think the legislature did not contemplate so narrow a construction of the law nor do we think the court would be justified in so construing it. By the general statutes, causes of action for personal injuries do not abate but may be prosecuted by the personal representative. The personal representative therefore, stands in the place of the decedent and is entitled to prosecute the action. The “injured person” would in our judgment include the personal representative of a deceased party, *819 and the venue would be the residence of the deceased and the forum of the administratorship.
Judgment of the court below reversed and cause remanded with instructions to overrule the motion to quash the summons and for further proceedings.
Ferneding and Kunkle, JJ., concur.